CHARLES THEIS WEGER ET AL., PLAINTIFFS IN ERROR,
v. THE INHABITANTS OF THE TOWNSHIP OF DELRAN,
DEFENDANT IN ERROR.

1. Upon writ of error the finding of facts of a judge trying an issue without a jury is as unassailable as the verdict of a jury would be. It cannot be attacked because unsupported by the weight or sufficiency of the evidence, if there was evidence before him on the matter.
2. When lands have been dedicated to public uses the municipal corporation within which they lie, as the representative of the public in which the right of possession inheres, may maintain an action of ejectment therefor.

On error to the Supreme Court.

For the plaintiffs in error, *Samuel H. Grey*, attorney-general.

For the defendant in error, *Mark R. Sooy*.

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.   The writ of error in this case has brought before us a judgment of the Supreme Court affirming a judgment of the Burlington Circuit Court in favor of the municipality, which is the defendant in error. The record returned exhibits an action of ejectment in which the defendant in error was plaintiff and the plaintiffs in error were defendants.   The land, the possession of which was in dispute, was a rectangular plot lying within the boundaries of the township of Delran, in the county of Burlington.   The plea interposed by plaintiffs in error was the general issue.

By the bills of exception before us it appears that the issue thus joined was tried by the Circuit judge without a jury and by consent of the parties.   It appeared in evidence before him that plaintiffs in error had acquired the legal title to the land in question by conveyances from the executors of one Samuel Bechtold, deceased, a former owner, under authority to sell conferred on the executors by the last will and testa-

ment of said Bechtold. The acquisition of such title drew to the owners the right of possession of the *locus in quo*, unless the defendant in error established by evidence a right of possession superior to that of the owners of the fee. The bills of exception also show that defendant in error claimed a right of possession by reason of a dedication of the land to public use as a public square or park or pleasure ground, which dedication was claimed to have been made by Samuel Bechtold long prior to his death.

The question thus raised and questions incident to it were considered by the trial judge, who, upon the evidence before him, found (1) that Samuel Bechtold did dedicate the *locus in quo* to the use of the public, (2) that the persons under whom plaintiffs in error claim and who were the purchasers from Bechtold's executors, were not *bona fide* purchasers of the *locus in quo* without notice of such dedication, and (3) that defendant in error had power and authority to maintain the action of ejectment. The circuit judge allowed and sealed exceptions taken to these findings, and the argument before us has been mainly directed to those exceptions.

It was first argued that there was no sufficient evidence to warrant the finding that Bechtold had thus dedicated the *locus in quo.*

But this argument is based upon an erroneous view of the power of a court of review over findings of fact by a trial judge sitting without a jury. It is thoroughly settled that the weight and sufficiency of the evidence to support the finding cannot be considered on writ of error. If any evidence was presented capable of supporting it, the finding is as unassailable on error as the verdict of a jury would be. *Columbia Bridge Co.* v. *Geisse,* 9 *Vroom* 39; *S. C., Id.* 580; *Elizabeth* v. *Hill,* 10 *Id.* 555; *Kalbfleisch* v. *Standard Oil Co.,* 14 *Id.* 259; *Blackford* v. *Plainfield Gaslight Co., Id.* 438; *Mills* v. *Mott,* 30 *Id.* 15.

It is impossible to contend that there was no evidence before the trial judge in respect to dedication, for it appeared

that, about 1853, Bechtold had purchased a tract of land which included the *locus in quo;* that he had made a map of it, laying it off by streets into blocks; that he named it "Plan of Bechtold's Fourth Addition to the Town of Progress;" that all the blocks except the *locus in quo* were divided into numbered lots; that it was distinguished from the other blocks by a different coloring, by the delineation of trees and of paths, and by a rough representation of a fountain in the centre; that he had lithographed copies of the map made; that one copy had been attached by wafers to the thirty-fifth page of Deed Book E 5 of Burlington county, and in a great many deeds for portions of the said tract the description of the granted premises was by the numbered lots and blocks on the map, which was referred to as being recorded in that book and at that page; that he had another copy of the map hanging in his office and referred intending purchasers to it, and that he declared to many persons, as well some who became purchasers as others, that his intent was that the *locus in quo* should be and remain for public use as a place for recreation and pleasure to the public.

Although the map did not designate this block in words, as a "square" or "park," yet it contained persuasive evidence that it was intended for a different use than that to which the other blocks were designed to be put, and from Bechtold's acts and declarations, which were admissible evidence, there was the plain inference capable of being drawn that he intended to dedicate the block to public use, as was found by the trial judge in accordance with the cases in this state respecting the dedication of lands to public uses. *Church* v. *Hoboken,* 4 *Vroom* 13; *Hoboken Land and Improvement Co.* v. *Hoboken,* 7 *Id.* 541; *Clark* v. *Elizabeth,* 11 *Id.* 172; *Price* v. *Plainfield,* 11 *Id.* 608; *Bayonne* v. *Ford,* 14 *Id.* 292.

This contention cannot prevail.

It was next contended that there was no sufficient evidence that plaintiffs in error or their predecessors in title were not *bona fide* purchasers without notice of the dedication by their grantor.

This contention involves the same error as to the power of the court to consider the sufficiency of evidence to support the finding of a trial judge trying an issue without a jury.

It is sufficient to say that there was evidence before the trial judge upon that subject, and his finding cannot be reviewed on error.

In stating this conclusion it is not intended to indicate any opinion on the question whether, if plaintiffs in error had been shown to have been *bona fide* purchasers without notice of Bechtold's previous dedication, they could have maintained possession as against the public. That question is not presented.

It is next contended that there was error in the finding that the action of ejectment for the *locus in quo* could be maintained by defendant in error. This was a mixed question of fact and of law, for whether the action could be maintained depended on proof that the *locus in quo* was within the boundaries of the township, and then on the power of this municipality to assert the right of possession of lands thus dedicated to public use.

The exception, which is general, is therefore too broad. *Mills* v. *Mott, ubi supra.* But no objection on this ground was made at the argument and as there seems to have been no dispute in respect to the locality of the land, the contention has been considered. It is that a township is not empowered to acquire land for public parks or charged with any duty in respect to land dedicated to such public use, and therefore does not need the possession thereof. Without looking into the township laws on the subject and assuming that the contention in respect to them is correct, yet the inference drawn therefrom does not follow. The precise question was raised and settled in this court adversely to such contention in *Price* v. *Plainfield,* 11 *Vroom* 608, and it was there held that a municipality, though charged with no right or duty respecting lands dedicated to public uses, was yet entitled to gain possession of such lands because it represents the public in which is the right of possession.

The exceptions to the admission or rejection of evidence have not been pressed, but upon examination no injurious error is discovered.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GUMMERE, LUDLOW, ADAMS, KRUEGER, NIXON, VREDENBURGH.    11.

*For reversal*—None.