NEW JERSEY SUBURBAN WATER COMPANY, DEFENDANT
IN ERROR, v. THE TOWN OF HARRISON, PLAINTIFF
IN ERROR.

Submitted March 27, 1905—Decided November 20, 1905.

The New Jersey Suburban Water Company, with another company, acquired, by contract with the East Jersey Water Company, the right to water transmitted by the latter company through its mains and pipes from its source of supply, and delivered at a specified place on the line of the pipes. The New Jersey Suburban Water Company contracted to supply therefrom the town of Harrison, and, in performing its contract, made use of a line of pipes, laid by Jersey City in the township of Kearny many years before, to transmit the water to the water system of Harrison. *Held*, that the property which the New Jersey Suburban Water Company acquired in the water was not divested by its delivery to, or transmission through, such pipes.

On error to the Supreme Court.

For the plaintiff in error, *Michael T. Barrett* and *George L. Record.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment of the Supreme Court brought up by this writ of error was entered upon a finding of a justice of the Supreme Court, trying the issue in the cause, without a jury, by consent.

The issue was made up by a declaration containing a special count grounded upon a contract between the plaintiff and the defendant municipality for a supply of water at special rates, the common counts and a plea of the general issue. The only exception in the record is to the finding of the trial judge, and on this exception the sole assignment of error is founded.

The contract on which the first count is founded has been attacked for invalidity by parties deeming themselves injured

thereby. At the time of the trial of this cause the Supreme Court had affirmed the validity of the contract, but a writ of error had been sued out and the review thereon was then pending. By the decision of this court, the judgment of the Supreme Court has been affirmed. *Jersey City* v. *Harrison, ante p.* 185. There is therefore no legal objection to the finding of the trial judge upon the contract if there were facts before him upon which he might reach his conclusion.

There was evidence from which it might be inferred that a specified quantity of water had been furnished by the water company to the municipality under the contract during the period covered by the suit, and that the water furnished was the property of the water company. It is suggested that the fact that the water in question was delivered to the company through a pipe which had been laid by the city of Jersey City within the township of Kearny, the ownership of which pipe was claimed by Jersey City, required a finding that the water was not the property of the water company, but was the property of Jersey City.

When a case is tried by a judge without a jury, the weight and sufficiency of the evidence to support his finding cannot be reviewed. *Weger* v. *Delran,* 32 *Vroom* 224; *Wannamassa Park* v. *Clark, Id.* 611.

There was evidence that the water in question had become a commodity, and had been bought and paid for by the water company. The property therein would not be lost by making use of the pipe of another person to transmit the water to its customers. The company may be liable to Jersey City for such use of the pipe in question, or might possibly have been prevented from making use of the pipe, but such use neither divested the company's property in the water nor vested any property therein in Jersey City.

The judgment on the finding must be affirmed.

DIXON, J. This suit was brought to recover the stipulated price of water upon a sealed contract entered into on September 15th, 1903, by the plaintiff and defendant. The contract bound the plaintiff to furnish to the defendant a

water-supply, delivered at a designated place, and bound the defendant to receive and pay for the water so delivered. The water was thus furnished and received, and under the circumstances developed in this case I think the defendant is estopped at law from denying the claim of the plaintiff for the price.

The theory that the plaintiff had delivered the water to Jersey City at another place, and Jersey City had conveyed the water to the place designated in the contract and there delivered it to the defendant, and would demand compensation therefor, was one which, in the face of the contract, could not avail the defendant at law, and would be pertinent, if at all, only on an equitable bill of interpleader.

I concur in affirming the judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.