BOROUGH OF BELMAR, DEFENDANT IN ERROR, v. JAMES G. BARNETT, PLAINTIFF IN ERROR.

Argued December 1, 1908—Decided March 1, 1909.

In an action of ejectment by a municipality to recover possession of land claimed to have been dedicated to public use, a plea of not guilty admits a possession or claim of title excluding, or ousting, the plaintiff, and the question whether the dedication is of a character which confers a present right to the possession is for the jury, and if there be evidence from which such a dedication may be found, a motion for nonsuit is properly refused.

---

On error to the Supreme Court.

For the plaintiff in error, *Patterson & Rhome* and *James Buchanan.*

For the defendant in error, *Frank Durand* and *Robert H. McCarter.*

The opinion of the court was delivered by

BERGEN, J.   This is an action of ejectment brought by the borough of Belmar to recover possession of land which it alleged had been dedicated to public use, and, in its declaration, demanded possession, with an averment of the date when its right to the possession accrued.   The defendant filed a plea of not guilty, which, by section 13 (*Gen. Stat., p.* 1284), is an admission that the defendant was in possession, or claimed title thereto, at the time of the commencement of the action.

At the close of the plaintiff's case a motion for nonsuit was refused, to which an exception was allowed and error assigned. The motion was rested upon the ground that, although there was evidence which would support a dedication of an easement, it was limited to that of an unobstructed view, and until it appeared that such view was interrupted, no possessory right of action existed.

According to the case submitted by the plaintiff it appeared that the Ocean Beach Association, owning a large tract of land lying along and adjacent to the Atlantic ocean, caused a map to be made of it, which was duly filed in the office of the clerk of the county of Monmouth, in which county the land is located.   All of the land excepting a tract or square adjoining the ocean, and some other small parcels alleged to have been dedicated to public use, but which are not within the present controversy, was divided into blocks and lots and a number given to each lot.   The block or square, of which the *locus in quo* was a part, was not divided into lots or marked in any way on the first map, but was shown on it as an open space lying between the ocean and a lake, having at that time an outlet to the ocean, which outlet, according to subsequent maps, was afterwards closed by the association when it improved Ocean avenue, which had been opened parallel with the ocean and between it and the body of the lake, by removing a bridge which crossed the outlet, and at the

same time filling in the outlet with earth. The map also shows that along each side of the lake there was protracted an avenue with lots fronting on each, the location being such that if the space between the lake and the ocean was not built upon, all or nearly all of the lot owners would have an unobstructed view of the ocean. The square or block at the east end of the lake was never sold by the association, but, after all of the remaining land had been disposed of, this block or square was divided into lots, and a lot conveyed by the corporation to each of the stockholders, of whom the defendant is one. There was evidence that at what appears to have been the first public sale of lots made in 1875 or 1876, the auctioneer, by direction of the president of the association, who was present, announced to the prospective purchasers that the square of land lying between the lake and the ocean would never be sold, but kept and used as a public park, so that the owners of the lots on each side of the lake would always have an unobstructed view of the ocean, and there was also other testimony from which it might be properly inferred that this square or block of land was dedicated by the owners for public use as a park. Under such circumstances the trial court would not have been justified in determining that the easement was as restricted as defendant claims, for the character of the easement was disputed, and a question of fact was thus raised which the plaintiff was entitled to have submitted to a jury. *Weger* v. *Delran,* 32 *Vroom* 224.

Assuming, as we must, that a jury might find that the Ocean Beach Association had dedicated land, to which the *locus in quo* is a part, to public use as a park for the benefit of all the lot owners, all that remained to be determined was whether the plaintiff was entitled to possession of the land when the action was commenced. The title to the fee was not involved, and the only question was which of the parties had the right of possession, for, as was said by Mr. Justice Dixon, speaking for this court in *French* v. *Robb,* 38 *Vroom* 260, where the pleadings were the same as in this case, the defendant "by that plea admits a possession or claim of title which

would exclude or oust the plaintiff." So when this motion for nonsuit was refused there was testimony from which a dedication of the *locus in quo* to public use could be inferred, and a possession by the defendant, admitted by his plea, which would exclude the plaintiff therefrom. Whether the plaintiff had shown such a dedication as to give it a right of possession against the defendant depended upon the facts proven in support of such dedication. That plaintiff, representing the public, was entitled to possession if there was a dedication of the land to public use as a park for the benefit of those who purchased lots from the owner making the dedication, has been determined in this court in *Price* v. *Plainfield*, 11 *Id.* 608.

The plaintiff, under the testimony in this case, was entitled to have the jury pass upon the question of dedication, and if there was a dedication of the land to public use as a park, it was entitled to possession for the benefit of the public, and the plea admitting that there was a possession by the defendant which excluded the plaintiff, the question of the dedication upon which the right of possession depended was properly submitted to the jury, and there was no error committed by the trial court in refusing to order a nonsuit upon the ground assigned as error. The plaintiff in error has argued only the question relating to the disposal of his motion for a nonsuit, and we being of opinion that the nonsuit was properly refused, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, GRAY, DILL, J.J.   12.

*For reversal*—None.