GEORGE J. FINGER, RELATOR, v. THADDEUS O. DOANE. BUILDING INSPECTOR OF PLAINFIELD, RESPONDENT.

Argued June 6, 1923—Decided June 26, 1923.

In an application for *mandamus* to require municipal authority to issue a building permit, all regulations having admittedly been complied with, and refusal being based solely on the claim that part of the land to be covered by the proposed building had been dedicated to public use, which dedication relator denies.—*Held,* that an alternative writ should issue as the basis of a record raising the disputed question of dedication *vel non* for trial at *nisi prius* before a court and jury.

---

On petition for a writ of *mandamus.*

Before Justices TRENCHARD, PARKER and BERGEN.

For the relator, *Winfield S. Angleman.*

For the respondent, *Charles A. Reed.*

The opinion of the court was delivered by

PARKER, J.   Relator prays a writ of *mandamus* requiring the municipal authorities to grant him a permit to build on property of which he owns the fee.   It is conceded that all municipal building regulations have been complied with, and that the sole objection to the issue of the permit is the claim on the part of the city that a portion of the ground on which relator desires to build has been dedicated by him to public use as a sidewalk.   This rests on the alleged facts that several years ago he filled an area which occupied the space in question and laid a cement surface thereon open to the public adjoining the regular public sidewalk, and that ever since that time it has been used by the public without objection.

This question of dedication is one which cannot be satisfactorily settled by the court on this rule.   The question whether land has been dedicated to public use is one turning mainly on intent, and intent is a question of fact to be spelled out of the acts of the owner of land of which dedication is claimed.   Sometimes the acts are so unequivocal that the court may find dedication conclusively established, as for example, in *Camden* v. *McAndrews & Forbes Co.,* 85 *N. J. L.* 260; more often it becomes necessary for a jury to be called in to ascertain whether there is an intent to dedicate, as by permitting public user.   *Central Railroad* ads. *State,* 32 *Id.* 220; *Wood* v. *Hurd,* 34 *Id.* 87, 91.   See, also, *Dickinson* v. *Delaware, Lackawanna and Western Railroad Co.,* 87 *Id.* 264.

If there were any way in which this question could be conveniently raised in an action of ejectment or trespass so as to bind the city and the owner, the proper course would probably be to discharge this rule, and leave the parties to such an action; but there are manifest difficulties about this

course in the present case, arising in part out of the fact that the public is actually using the strip above mentioned, and that if prosecutor should undertake to fence it off or otherwise exclude the public, he might, and probably would, be met by some municipal regulation which would mask the real issue now plainly presented on the case before us. The case, therefore, exhibits a situation making proper the award of an alternative writ as the basis of a record which will raise squarely the issue of fact, viz., dedication *vel non* of the twelve-foot strip, in such a way as to be triable by a jury at *nisi prius,* and to be settled by the verdict. *Schnitzler* v. *New York Transportation Co.,* 76 *N. J. L.* 171, 172. Similar issues were raised in such cases as *State* v. *Holliday,* 8 *Id.* 265, where the respondent, charged as overseer of roads, denied that he was such overseer; and *Silverthorne* v. *Warren Railroad,* 33 *Id.* 372, where relator claimed as town treasurer, and the return to the alternative writ denied that he was such treasurer. In neither case was the issue of fact tried out, because in both the denial in the return was admitted to be true, in the first by motion to quash, and in the second by a demurrer. But in *Reeves* v. *Ferguson,* 31 *Id.* 107, such an issue was tried out by a jury, and in *Jones Co.* v. *Guttenberg,* 66 *Id.* 659, 665, the issue of fact similarly tried was whether defendants in fact owed $90,000 of debt, this being the test fact on which the right to a peremptory writ depended.

An alternative writ will be awarded; this, and the return and other pleadings—for such, in effect, they are—to be framed so as to raise the single issue whether or not, at the time of issue of the alternative writ, the strip in question had been subjected by dedication to use by the public as a sidewalk.