BUILDERS REALTY COMPANY, RELATOR. v. FREDERICK
BIGELOW, BUILDING SUPERINTENDENT, AND THE
BOARD OF ADJUSTMENT OF THE CITY OF NEWARK,
RESPONDENTS.

Argued May 5, 1925—Decided May 13, 1925.

Ordinances—Zoning—Stores in District Zoned for Residences—
Demurrer to Writ of Mandamus—Statement of Facts Be-
fore Court on Stipulation, Which Are Accepted and Consid-
ered, Notwithstanding the Irregularity of the Procedure—
Building Not Found Injurious to Health, Safety, Morals or
Welfare.

On alternative writ of *mandamus*.

Before Justices PARKER, MINTURN and BLACK.

For the relator, *Harry A. Augenblick.*

For the respondents, *Charles M. Myers (Jerome T. Congle-
ton,* on the brief).

PER CURIAM.

This case, involving the zoning ordinance of Newark, does
not seem to differ in any essential feature from several others
recently decided in this court. Relator having filed proper
plans and specifications for a building to be placed at the
northeast corner of Summer and Chester avenues, in Newark,
and to be divided into and used for seven stores, was denied
a permit to build because the district had been "zoned" as
"residential" and commercial uses therein were prohibited by
the ordinance. An alternative writ was allowed, and the
return thereto by the building superintendent sets up the
ordinance; that the proposed building would be in violation
of its provisions, and that "said building would affect [*sic*]
the health, safety, morals and general welfare of the com-

munity." There is a demurrer to the return, which attacks the statement just quoted as not stating any facts from which it can be inferred that there would be any injurious effect on the common health, safety, morals or welfare. This point appears to be well taken. If any substantial question of fact were properly raised, it would have to be tried out before a jury or by consent before the court sitting without a jury. *Finger* v. *Doane,* 121 *Atl. Rep.* 455; 1 *N. J. Adv. R.* 773. But no such question is raised. On the contrary, counsel have undertaken by a stipulation of facts to apprise us of the conditions obtaining in the locality. A stipulation of facts as supplemental to a demurrer is rather irregular practice, but as we are asked to decide this matter on its merits, we accept the stiplation in whatever capacity it will be appropriate for consideration, as an amendment of the writ, or, perhaps, better, a plea to the return, as contemplated by the statute. *Comp, Stat., p.* 3214, § 2, *Pat.* 143. So, considering it, we find these statements of fact:

"9. That the neighborhood in which relator seeks to erect the said building containing commercial stores is to a greater extent of a residential character. The stores are to front on Summer avenue, and Summer avenue is a very long street, extending from Eighth avenue on the south and running to the Newark city line on the north. May street is the first intersecting street south of Chester avenue, one block south. Arlington avenue is one block south of May street. The northeast corner of May street and Summer avenue, one block south of the premises in question, has commercial stores. The west side of Summer avenue, directly opposite May street, has commercial stores, and these are one block south of the premises in question. There is a large apartment-house between Chester avenue and May street, on the west side of Summer avenue. The portion of Summer avenue north of Heller Parkway contains numerous commercial stores on both sides of the street. The houses within a radius of one hundred and fifty feet of the lot in question are one and two-family houses of a residential character.

"10. That Summer avenue is a thoroughfare running north and south through the city of Newark, and is an artery for traffic; that the width of Summer avenue between property lines is seventy-five feet."

To such a situation the *per curiam* of this court in *Plymouth Co.* v. *Bigelow*, 2 *N. J. Mis. R.* 711, seems plainly applicable.

In the case at bar it appears that there is a "board of adjustment" as provided for in the supplement of 1924 to the Municipalities act (*Pamph. L.*, *p.* 324, § 7), and that relator appealed to that body, and it affirmed the action of the superintendent. This was a necessary preliminary to a recourse to the courts. *Eaton* v. *Newark*, 3 *N. J. Mis. R.* 363. But respondent now urges that relator is "bound by" the decision of the board of adjustment, and, if not bound, that its remedy is by *certiorari* and not by *mandamus*. Both points seem to have been ruled adversely to respondent in *Falco* v. *Kaltenbach*, *Id.* 333; *Becker* v. *Dowling*, *Id.* 338; *Union County Development Co.* v. *Kaltenbach*, *Id.* 341, and *Nelson Building Co.* v. *Binda*, *Id.* 419. It is intimated that those decisions rest on insufficient authority, but, until they are reversed or overruled, we should follow them.

This disposes of all the points made herein. Following the cited cases, relator is entitled to a peremptory writ.