THE STATE OF NEW JERSEY, ON THE RELATION OF ANNIE LOVE, RELATOR, v. HENRY C. WARNICK, AS TOWN ENGINEER OF THE TOWN OF WEST ORANGE, DEFENDANT.

Submitted May 14, 1926—Decided September 30, 1926.

Municipalities—Building Permits—Zoning Ordinance Not in Question—Municipality Claims Right to Drain Across Lot Upon Which Relator Seeks to Erect Building—Relator is Willing to Build in Such a Way That Drain Will Not be Affected, but Municipality Claims Right .to Exclusive Occupancy—Municipality's Title Obscure—Facts Should be Ascertained in Some Proceeding Inter Partes and Made a Matter of Record—Rule Discharged.

On rule to show cause for a *mandamus.*

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Absalom P. Bachman.*

For the defendant, *Alfred J. Grosso.*

PER CURIAM.

This is a *mandamus* case directed toward requiring the issue of a building permit, but no zoning question is involved. The question presented is one of fact, and is, so far as it can be formulated from anything before us, what is the extent of the easement, if any, possessed by the municipality of West Orange, in the shape of a right to maintain a public drain across the lands of the relator?

On the moving affidavits a rule to show cause was granted, but instead of depositions being taken, as required by the practice (*Peer* v. *Bloxham,* 82 *N. J. L.* 288), the parties present the case on *ex parte* affidavits. We do not wish to be understood as sanctioning this practice, even *sub silentio,* but the circumstances make some general statement of our views on the merits advisable.

It is alleged in a general way that some years ago the township, needing drainage facilities, took proceedings under

some statute not definitely cited, before some tribunal not named, and acquired some rights not defined, which were stated in writings, which are lost, the town hall having been burned, and a mysterious box in the county clerk's office, which may or may not have held the important papers, being found to be empty. By virtue of these proceedings, or without them, the municipality has for many years maintained first an open, then a closed, drain through the lands of the relator, whose deed from his immediate grantor mentioned certain undefined rights in the municipality, and who is willing to build in such manner as that the drain, as existing, shall not be disturbed. The municipality claims the right of exclusive occupancy of a strip twenty-five or thirty feet in width, unobstructed by buildings, and to this relator does not accede.

The rule looks to permitting a building according to a plan made part of the case, and marked *Exhibit B,* which shows a double building separated by an open strip containing the drain.

This rule cannot be made absolute; the facts are not settled and we cannot settle them on these affidavits. It may be that they will have to be settled by a jury in some way.

In *Finger* v. *Doane,* 121 *Atl. Rep.* 455, there was a question of fact as to whether the land to be built on had been dedicated as a public sidewalk, but there was no question as to its extent. We said in that case that owing to the fact that ejectment or a private action might be blocked by some municipal regulation, the facts could be tried out in *mandamus* on an alternative writ. The present case seems somewhat different. It is more like *Rosenbaum* v. *Butler,* 128 *Id.* 578; 3 *N. J. Mis. R.* 424, in which the rule was discharged and the parties told to resort to ejectment or other private proceeding. That case we deem dispositive of this application. The facts should be ascertained in some proceeding *inter partes,* and the existence and extent of the right thereby settled as a matter of record.

The rule to show cause will be discharged, with costs.