The opinion of the Court, was delivered by
Nevitjs, J.
From the facts of the case it is clear, that Dey the owner of these lands in 1804, intended to appropriate the premises in dispute to some extent, to public purposes. That this iritent was carried out as far as the situation of the property and other circumstances connected with it, at that time, admitted. He caused it to be laid down as a square reserved for such purposes, and not for sale as other lots, in a map or plot of his new city which contained a delineation of the avenues, streets, alleys, *107 and public squares which were to remaiu open for public use, church grounds &c. In his conveyance to the associates in 1805, this map is referred to as the plan or plot of the contemplated city, and this particular lot declared to remain for the uses for which it was originally appropriated. In all the subsequent conveyances of lots by the associates, this map was referred to, recognized and adopted, thereby carrying out as fax as called for, the design of the original proprietor. Although it was not in the actual occupation of the public, or perhaps in a condition to be used for a market, yet the acts and conduct of Dey and his grantees, The Associates of the Jersey Company, amounted to a dedication of it to the public for a market place. Yo particular form of dedication is necessary, 6 Peters 440, nor is it essential to the validity of a dedication, that the land shall be in the actual use or occupation of the public.
Here an important question arises, what is the nature and extent of such a dedication ? Does it extend to the fee of the land, or is it only a right in the public to its use. The plaintiff contends, that it is a dedication of the whole interest or estate of the owner; whilst the defendant insists, that if there was a dedication at all in this case, it extended to the use only and that the fee of the land remained in the associates. In support of the position assumed by the plaintiff, the counsel have referred us to the case of The City of Cincinnati v. Lessee of White, 6 Peters 431, being a leading case upon the subject of dedications. Upon a careful examination of' that case, I do not find it to maintain the doctrine contended for. The court there say, “ that the law applies to dedications, rules adapted to the nature and circumstances of the case; and to carry into execution the intention and object of the grantor and to secure to the public the benefit held out, and expected to be derived from and enjoyed by the dedication;” Id. 435, “that the public must necessarily be the only grantees, and the fee if it cannot pass to them, must be considered in abeyance until there is some legal body created by law, capable of taking it for the purpose designated.” Id. 439. This last remark if true at all, of which I entertain serious doubts, may be considered as applicable only to cases of dedication v here the legal title to the fee may be necessary for the enjoyment of the use, or for the purpose for which it was dedicated. As where *108 lands are dedicated and directed to be sold and the proceeds applied to the erection of a church or other public building. But even in that case I should rather incline to the opinion, that the fee remained in the grantor, and that the public when enabled to take it, should appeal to a court of equity for aid in perfecting their title, in case the grantor should refuse to make it perfect, by a conveyance of the fee. But in the case before us, it seems to me by no means necessary to construe this dedication as carrying the fee of the land out of Mr. Dey, or the “ associates.” The public could enjoy the premises for the purpose intended, as fully without as with it, and I can see no difference between the dedication of this market place and the dedication of lands for public streets. They were designed only for the purposes specified and if the whole project of the contemplated city had failed, no streets, public squares, or market places, would in that case have been needed and Mr. Dey or his grantees would have remained in possession of the lands by virtue of their original title and might have disposed of them as they saw fit. But suppose the doctrine of the plaintiff is true and at some future day the inhabitants of Jersey City should by a legal and conclusive act, abandon this land for market purposes, how are the grantor’s to become reinvested with their former title, if the fee passed out of them? Will it revert by mere operation of law? I think not, and cannot doubt but that the fee of the land thus dedicated remained in Mr. Dey, till he conveyed it to The Associates of the Jersey Company and that they held it and had a right to grant it to such person and for such consideration as they pleased, and that a legal right to the possession and use of the land for the purposes intended, vested in the public, and that the defendant took his title subject to such right of possession and use.
The next question is, whether the plaintiff can maintain this action for the recovery of the possession of this land. By the act of incorporation, the lessors of the plaintiff, represent the public or the inhabitants of Jersey City, and the rights of the public in common property, are vested in them and if such rights cannot be enforced in their name they cannot be enforced at all.
But is ejectment the proper remedy, or if it is, under ordinary circumstances, can they maintain it under the circumstances of this case ? The defendant contends, that this is not the proper *109 remedy in the present ease. 1st, Because their right is only an equitable right, and that in this action no recovery can be had against the owner of thelegal estate; and 2d, If in ordinary cases this action would lie, it cannot be sustained here until the public or the corporation have by ordinance or some public act appropriated the premises to the purpose of a market or signified their intention to do so. I do not think either of these objections well taken. Ejectment is a possessory action and if the lessors of the plaintiff are entitled to the possession, and they must be if they are entitled to the use for they are inseparable, it is a legal and not a mere equitable right, and they may recover it against the legal owner of the fee. JMor were the lessors of the plaintiffs bound to pass any such ordinance before suit brought, their right to the immediate possession did not depend upon doing so. And it would seem more proper, that they should first obtain the power of converting the land to the purposes designed, by getting the possession, than to make an appropriation while it was adversely held by another.

Rule discharged.

Cited in Smith y. The State, 3 Zab. 720; State v. Platt, 4 Zab. 117; Hopkinson v. McKnight, 2 Vr. 426 ; Trustees M. E. Church, Hoboken, v. May., &c., Hoboken, 4 Vr. 17-19-20-25; Hoboken L. & I. Co. v. Hoboken, 7 Vr. 543 ; Mor. Can. & B. Co. v. Cent. R. R. Co. of N. J., 1 C. E. Gr. 436-437; Att'y Gen. v. Mor. & Es. R. R. Co., 4 C. E. Gr. 391; Mayor of J. C. v. Mor. Can. & Bk'g. Co., 1 Beas. 553; Inhab. of Greenwich v. Easton & A. R. R. Co., 9 C. E. Gr. 221.