SAMUEL M. CLARK, PLAINTIFF IN ERROR, v. THE CITY OF ELIZABETH, DEFENDANT IN ERROR.

1. Where there is a city map, on which land is laid off with streets, avenues and alleys intersecting it, and the owner of such land adopts that map by sales with reference thereto, his acts will amount to a dedication of the designated streets, avenues and alleys to the public.
2. Such dedication will estop the landowner from claiming compensation for the land taken for the street.
3. The deed is conclusive evidence of the dedication, and parol evidence of an intention not to dedicate, is not competent.

In error to the Supreme Court. For opinion of Supreme Court, see 8 *Vroom* 120.

For the plaintiff in error, *W. J. Magie* and *B. Williamson*.

For the defendant in error, *R. E. Chetwood* and *Cortlandt Parker*.

The opinion of the court was delivered by

THE CHANCELLOR. The plaintiff in error, Samuel M. Clark, by his deed of the 25th of May, 1869, conveyed to the Central Railroad Company of New Jersey, in fee, a lot of land in the city of Elizabeth, by the following description: Beginning at a point in the division line of lands of the parties hereto, fifty feet northerly, at right angles from the centre line of the railroad of said company, as filed in the office of the secretary of state, and in the easterly side of Bayway, as laid down on the map of the commissioners for laying out streets, avenues and squares in said city: thence easterly, parallel with said centre line as filed, in said division line, two hundred feet to a stake; thence northerly, at right angles from said centre line as filed, fifty feet to a stake; thence westerly, parallel to said centre line as filed, seventy feet to a stake; thence northerly, at right angles with said centre line as filed, one

hundred and fifty feet to the southerly side of Westfield avenue, as laid down on said map of said commissioners for laying out streets, avenues and squares, &c.; thence westerly, parallel with said centre line, and in the southerly line of Westfield avenue, sixty feet to a stake; thence southerly, at right angles with said centre line as filed, one hundred and fifty feet to a stake; thence westerly, parallel with said centre line as filed, seventy feet to a stake in the easterly side of Bayway; thence southerly, along said Bayway, at right angles to said centre line as filed, fifty feet to the place of beginning. The property was purchased by the railroad company for the purpose of erecting thereon a depot for the accommodation of their passengers, and the deed contains the declaration that it was delivered and accepted by the company on the condition and reservation that if the depot or building to be used for the accommodation of passengers to be erected on the lot should at any future time be removed from the property, the land should immediately thereupon revert to Clark, the grantor, and his heirs, forever.

Bayway, as laid down on that map, is an avenue of the width of eighty feet. It is one of the streets within the city of Elizabeth, and though, at the time of the delivery of the deed, it had not been opened in front of the property above described, it was laid down on the commissioners' map referred to in the deed. The map was made under the authority of an act of the legislature, which gave the commissioners sole power and authority to lay out streets, avenues and squares in the city. *Pamph. L.*, 1867, *p.* 210. The mayor and city council of the city of Elizabeth, by an ordinance passed and approved on the 19th of July, 1870, directed that a street, to be called Bayway, be opened from Rahway avenue to the city line, as the street had been laid out by the commissioners, and as laid down and designated on the map before referred to, and ordained that the land and real estate necessary therefor should be taken and appropriated upon making compensation to the owner or owners thereof. Of the land which it was necessary to take for the purpose, there were

two lots which belonged to Clark, the plaintiff in error. The commissioners appointed to assess the damages of the owner or owners of land taken for the street, awarded no damages to him for either lot. He appealed from the award to the Circuit Court of the county of Union. On the trial of the appeal, Clark testified that he did not design, by the reference in his deed to Bayway, to dedicate, in any sense, the land included in Bayway as a public street, and that he put it in as a boundary. This evidence was objected to as incompetent, but was admitted, subject to the opinion of the Supreme Court as to its competency and effect, and the following questions were reserved for the consideration and adjudication of the Supreme Court, with leave to make the reserved case a special verdict.

Whether Clark, under the evidence, had dedicated to the use of the public the street called Bayway, so that he was not entitled to receive compensation and an assessment of damages, upon the laying out and opening of the street across his land therein; whether Clark's deed to the company is evidence of the dedication, and if so, whether it is conclusive evidence thereof; or whether the intention of the grantor therein, in respect to the making thereof and the language therein contained, so far as it relates to the question of dedication, may be explained by parol testimony; and whether the evidence in this case, offered in that behalf, is competent, relevant and admissible; and what is its effect, if admitted?

The Supreme Court, on the questions reserved and facts stated, set aside the verdict, which was in favor of Clark, and the case comes before this court on error.

It is a general rule that where the owner of urban property, who has laid it off in lots, with streets, avenues and alleys intersecting it, sells his lots with reference to a plot on which the property is so laid off, or where, there being a city map on which the land is so laid off, he adopts that map, by sales with reference thereto, his acts will amount to a dedication of the designated streets, avenues and alleys to the public. *Angell on Highways,* § 149; *Trustees, &c.,* v. *Hoboken,* 4

*Vroom* 13. Of the propriety of the rule there can be no question. It is based on the most obvious principles of fair dealing: the principles which require the vendor to deliver to his vendee that which the latter has bought and paid for —the principles which hold men to their lawful bargains. That Clark was, by the conveyance to the company of the land bounding it on Bayway, estopped from denying the existence of that street as laid down on the map, (for he recognizes it as it is laid down on the map,) at least to the extent of the land owned by him in the site of the street, between the two cross streets, on either side of the lot conveyed, there can be no doubt. *Matter of Twenty-ninth street*, 1 *Hill* 189; *Matter of Thirty-ninth street*, 1 *Hill* 191; *Angell on Highways*, § 149. And I am of opinion that the estoppel extends to all his land in the site of the street as laid down, and that the right to the street, as such, is incident to the grant and secured by an implied covenant on the part of the grantor, so far as any land of his in the site of the street is concerned. Any other conclusion would be productive of injustice, for the price paid by the vendee is presumably the greater, because of the fact that the land is situated upon a street which is valuable, not merely for the purpose of access to the next cross streets, but for the purposes of as direct communication as it will afford with any and all other parts of the city which may be reached by means of it; and the vendor, by bounding the land on the street, and selling it as being so bounded, reaps, in the enhanced price, all the advantage of such location. To permit him, afterwards, as between him and the vendee, to deny the existence of the street, even beyond the limits of the block in which the lot is, though holding him estopped within those limits; to permit him thus to turn property sold by him as urban, and for which he received a corresponding price, into rural property, and so deprive it of what are, perhaps, its most important advantages, and therefore of a great part, it may be, of its value, would be to give him the benefit of what would thus be made a false and fraudulent representation, at the expense of the defrauded purchaser. And, if the estoppel exists in favor of the grantee, it must be re-

garded, so far as the public are concerned, when compensation for the land taken for the street is claimed by the grantor, as a dedication. The decisions in the cases of *Mayor, &c., of Jersey City* v. *Morris Canal and Banking Co.*, 1 *Beas.* 547, and *Dummer* ads. *Selectmen, &c., of Jersey City, Spencer* 86, are based on dedications which arose out of the acts of owners of land in mapping their property.

In the case under consideration, the grantor owned a lot of land in the site of the street immediately in front of the lot conveyed to the railroad company, and another in the site of the street, a short distance beyond it, and beyond the next cross street. His deed was conclusive evidence of dedication, and parol evidence of his intention not to dedicate was not competent.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, DALRIMPLE, KNAPP, REED, CLEMENT, DODD, GREEN.   7.

*For reversal*—DIXON, LILLY.   2.