ELISHA VANATTA v. WILLIAM JONES.

1. Proof of the dedication of land to public use as a highway, by means of a transfer of title, from which the inference of dedication is sought to be drawn, involves a question of title to lands, &c., not capable of being tried in the court for the trial of small causes, or on appeal therefrom, and, upon such proof being made, the action ought to have been dismissed, as beyond the jurisdiction of these courts.

2. Proof of such dedication, by inference from acts of mapping and plotting land, and selling lots by reference to the map, is insufficient, unless the sales are shown to have been effectuated by conveyances. It is the estoppel resulting from an effective grant, recognizing the highway, that produces the inference of dedication. The mere act of mapping, plotting, and selling, not followed by conveyances or public use of the land, will not prove dedication.

3. *Quære*—Whether dedication can be inferred from acts of persons in possession, not shown to have title to the land, or some estate therein.

---

On *certiorari*.

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For the plaintiff, *W. M. Davis* and *J. G. Shipman*.

For the defendant, *J. F. Dumont*

The opinion of the court was delivered by

MAGIE, J.   This writ brings up the proceedings in an action of trespass *quare clausum fregit*, brought in a justice's court by Elisha Vanatta against William Jones.   After a judgment upon a verdict for the defendant, in that court, the plaintiff appealed to the Common Pleas of Warren county, and the case was there tried.   The verdict and judgment were again for the defendant, and the plaintiff below has brought the proceedings here for review.

The state of the case shows that the plaintiff, upon the trial in the Common Pleas, proved his possession of the *locus in quo*, which he said he occupied under a parol lease from one Knight.   He also proved that defendant broke down a fence thereon, which breaking was the trespass complained of.   The defendant, in order to justify his act, offered evidence which he claimed was sufficient to prove that the *locus in quo* was a public highway over which he was entitled to pass, as one of the public.   The facts proved, on which he relied for this result, were the following : that the *locus in quo*, with other lands adjoining, and amounting, in all, to over one hundred acres, had previously been in the possession of six persons, of whom Knight, under whom plaintiff claimed to be tenant, was one ; that they, while the tract was in their possession, had it surveyed and mapped out into streets, avenues, and lots ; that a map thereof, produced and put in evidence, was made by them for the purpose of selling lots by ; that lots were sold by them according to that map, and some of the lots sold were upon a street or alley delineated on the map, and which ran over and included the *locus in quo ;* that they afterwards procured the unsold portions of the tract to be divided between them, by proceedings in partition, under the statute, which were produced from the clerk's office and put in evidence, and which showed an allotment to the different persons (including Knight) of lots on said tract, by the map numbers, and recognized the map and plans.

This was all the evidence tending to show that the *locus in quo* was a public highway.   It will be observed that it

consists of proof of acts only by persons in possession of the land, from which acts, dedication to the public use as a highway was claimed to be properly inferred. It did not appear that the persons in possession had any title or ownership in the land, nor were any deeds made by them under the alleged sales of lots produced or proved, nor was any acceptance or use of the highway by the public shown.

Upon this evidence, plaintiff insisted that defendant had failed to establish a dedication, because he had not shown that the acts from which alone it could be inferred, were done by the owner of the land or any estate therein, or, that if he had established a dedication, it was necessarily by proofs which involved the title to lands, &c. The view taken by the Court of Common Pleas was adverse to this claim of the plaintiff, and the main question here is whether that view can be sustained. Plaintiff also contends that evidence was improperly admitted on the trial below.

The evidence objected to was the parol proof of the sale of lands out of the tract by the persons in possession, by reference to the map. Such evidence must be regarded as immaterial. Dedication of land to public use as a highway may be inferred from the execution of conveyances referring to and adopting a map whereon such highway is delineated. *Clark* v. *Elizabeth*, 8 *Vroom* 120; *S. C.*, 11 *Vroom* 172. The reason of that case, and of many similar cases referred to in the opinions therein, is that the grantor, by making such a conveyance, is irrevocably estopped, as well in reference to the public as to his grantee, from denying the existence of the highway as delineated on the map. The evidence of intention to dedicate from such a conveyance, is therefore held to be conclusive. But I know of no reason for asserting that any act, such as appeared in this case, can justify an inference of an intent to dedicate, unless it is accompanied by a conveyance or grant of some kind. The owner of lands may map and lay them out into streets and avenues and blocks, at his own free will, and the public will acquire no interest therein until, by some decisive and irrevocable act,

Vanatta v. Jones.

either toward the public or toward a grantee, he renders it improper and unjust to permit him to deny the public use and character of the highway. He is then estopped, but not before. The mere proof of sales of land, not accompanied with proof of the conveyances following and effectuating the sales, is manifestly insufficient, and therefore immaterial.

But, by the production of the partition proceedings, and the proof of the acquiescence therein of the parties in possession, defendant introduced a kind of evidence from which the inference of dedication was capable of being properly drawn. Those proceedings, if effective, gave to each of the six persons a portion of the tract in severalty. The map and plan were recognized and adopted by the proceedings, and each of the parties acquiescing therein were estopped from denying the existence of the highways delineated thereon. But that evidence manifestly introduced a question of title to lands, &c., into the case. Proceedings in partition, under the statute, transpose a joint title to the whole tract into a several title in each party to a portion thereof. They are as effectual for that purpose as the mutual releases or conveyances of the parties. That effect is what alone makes them valuable as evidence in this case. So the defendant, in seeking this proof of dedication, has produced and put in evidence a transfer of title to lands, &c. This, therefore, necessarily involves a question of title to lands, &c.

It is true that a claim of justification, because of a public highway, does not call for nor permit a plea of title under our small cause act. *Yawger* v. *Manning*, 1 *Vroom* 182. A question of public highway may well be tried in a justice's court. *Brain* v. *Snyder*, 1 *Vroom* 56; *Chambers* v. *Wambough*, 4 *Dutcher* 530. But when, to prove a public highway, it is necessary to resort to proof of title to lands, &c., then a question of title to lands is presented which is beyond the jurisdiction of the justice's court.

Upon this evidence being produced, it was the duty of the justice and of the Common Pleas to have dismissed the case for want of jurisdiction. Defendant could not have pleaded

title under Section 25, (*Rev.*, *p.* 544,) because his justification depended not on title either in himself or in another, but solely on the fact that the *locus in quo* was a public highway. This justification he could only make by proof, and when such proof necessarily involved a question of title to lands, &c., it ousted the justice and the Common Pleas of their jurisdiction. The case of *Messler* v. *Fleming,* 12 *Vroom* 108, is precisely in point, and on the authority of that case, this action ought to have been dismissed below.

I have refrained from discussing the question whether a dedication of land to public use can be effectively made, except by a person owning some estate in the land. All the text-books and all the cases I have been able to examine unite in declaring that an effective dedication must proceed from the acts of some person owning the land or some interest therein. In this case the court below thought that persons in possession of land might so act as to dedicate "so much as they had in the land," and that such a dedication would estop them and those holding possession under them. It will be at once perceived that this again involves a question of title, so far as it affects the present case. The acts relied on are those of Knight. They are claimed to affect plaintiff manifestly not because he is in possession subsequently to Knight, but because he is in possession under Knight and in privity with him. But the errors previously discussed being sufficient to require the reversal of the judgment, I express no opinion on this question.