ATLANTIC CITY, PLAINTIFF IN ERROR, v. CATHARINE GROFF, DEFENDANT IN ERROR.

Argued November 24, 1902—Decided March 2, 1903.

1. The words in a deed "to the intended New York avenue line; thence southwardly, along said intended New York avenue line," are not of themselves sufficient in law to amount to a dedication, by the grantor of the deed, of other of his lands for a public street which shall be an extension of the street named.

2. In such case dedication is a conclusion of fact to be drawn by the jury from the circumstances of each particular case, and the deed mentioned, with the language therein used, is one of the circumstances to be submitted to the jury upon the question of dedication.

On error to the Atlantic Circuit.

For the plaintiff in error, *Godfrey & Godfrey.*

For the defendant in error, *George A. Bourgeois.*

The opinion of the court was delivered by

GARRETSON, J.    The plaintiff in error brought ejectment against the defendant in error to recover a piece of land fifty feet wide by two hundred feet long, being an extension of New York avenue northerly from the north line of Baltic avenue.    Prior to March 1st, 1894, New York avenue extended to the northerly line of Baltic avenue, and the plaintiff in error claims that, by virtue of a deed given on that day, the owner of the *locus in quo* dedicated it to public use for a street as an extension of New York avenue.    This deed, with various acts of the then owner, were introduced in evidence to prove dedication, and the defendant, on her part, also introduced in evidence acts by the owner of the *locus in quo* tending to show the exercise of ownership and a purpose inconsistent with its dedication, and, this evidence being submitted to a jury, resulted in a verdict for the defendant, and this writ of error brings up the judgment entered upon this verdict.

It appears from the evidence that, on October 19th, 1882, Richard Hackett and wife conveyed to Edward Champion a tract of land on the northerly side of Baltic avenue, one hundred and sixty-five feet by two hundred feet, the easterly fifty feet of which is the *locus in quo.* In 1884 Champion moved a building, about eighteen or twenty feet long, upon the land in question, which he used for some years as a carpenter shop, and did subsequently rent it to an upholsterer and then for a grocery. In 1885 Champion built a house fronting on Baltic avenue and near the westerly line of what would be New York avenue if extended northerly, and in 1888 altered it so that the rear part might be used by a separate family and made an entrance to it from what would be New York avenue. March 1st, 1894, Champion and wife conveyed to Justus Siebert a lot of land in the rear of the house which he had built, by the following description: Beginning at the northeast corner of Justus Siebert's land, on the line of Daniel Morris' land, and runs from thence eastwardly, along Daniel Morris' line, sixty-six feet, more or less, to the intended New York avenue line; thence (2) southwardly, along said intended New York avenue line, one hundred and twenty feet to a post; thence (3) westwardly, along the line of Edward Champion's land, fifty-eight feet to the line of Justus Siebert; thence (4) northwardly, along said Siebert's line, one hundred and twenty feet, more or less, to the place of beginning.

The claim of the plaintiff is that the words "to the intended New York avenue line; thence southwardly, along said intended New York avenue line," operated as a dedication by the grantor in that deed and the owner of the premises in question of the *locus in quo* to public use as a street.

That the plaintiff did not regard these words as a complete dedication appears from the fact that it introduced evidence of other facts and acts by the grantor in that deed while still owning the *locus in quo,* from which, with this deed, the jury was asked to infer the dedication.

If it is unequivocally manifested by the instrument or act under which dedication is claimed that it is the intention of the then owner to dedicate, it will be for the court to so de-

clare; but if not, dedication is a conclusion of fact, to be drawn by the jury from the circumstances of each particular case, the whole question, as against the owner of the soil, being whether there is sufficient evidence of an intention on his part to dedicate the land to the public use as a highway.  9 *Am. & Eng. Encycl. L.* (*2d ed.*) 34.

The facts and circumstances relied upon to prove the existence of an intent to dedicate on the part of the dedicator must be of a positive and unequivocal character.  If the dedication is made to depend upon a written instrument, the language of the instrument must positively and distinctly show an intention to dedicate, and the dedication must arise at once from the dedicatory act, or, if some time be specified, then at that time.

The language used in the deed is not positive and unequivocal.  "The intended New York avenue line" might mean that at some future time the grantor in the deed would dedicate the *locus in quo* for a public street.  It might also mean that the public authorities were intending to extend New York avenue northerly beyond Baltic avenue, so as to embrace the *locus in quo,* or this language might be regarded merely as a description.  A mere reference to a street or road, or a recital of its existence simply for the purposes of location and description or to give the boundaries of the land conveyed, is not sufficient to make a dedication.  In the present case the description in the deed given by Champion to the defendant, "beginning in the northerly line of Baltic avenue where the same would be intersected by the easterly line of New York avenue if continued across said Baltic avenue," is only description, and not dedication.

We think, therefore, that this description in the deed from Champion to Siebert was a fact, with other facts offered in evidence, to be submitted to the jury to determine whether, when this language was used, the grantor in that deed and the then owner of the *locus in quo* intended by it to dedicate the premises in question for a public street.

Siebert, the grantee, in the deed in which it is claimed that the dedication arises, was asked, "What conversations, if any,

did you have with Mr. Champion [the grantor in that deed], subsequent to the time of taking your deed, about the sidewalk on New York avenue if extended?" This question was excluded, and its exclusion assigned for error. Declarations by Champion while he owned the *locus in quo* would be competent, but declarations made after he had conveyed to the defendant would be hearsay. So that the question was too broad. But subsequently the same witness was asked the question, "What conversations, if any, did you have with Mr. Champion just subsequent to your buying this land after you got your deed?" (An objection to it being overruled.) Answer, "I don't think I had any more conversation after that in regard to the land in question—that is, with the street, the intended New York avenue—we had no more talk over that, only what we had before." We therefore find no error in the exclusion of the question.

Exception was also taken to the admission of the deed from Champion to Groff, the defendant, for the *locus in quo.* This was the foundation of the defendant's title, and was a fact bearing upon Champion's intention to dedicate, and so was competent.

Other exceptions were taken to the admission of testimony to rebut the evidence of dedication, upon the ground that the deed from Champion to Siebert of itself dedicated the land for a public street, but, as that deed was itself only one fact going to show dedication, all evidence of facts by the grantor tending to show no dedication were competent evidence for the defendant.

We find no error, and the judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRETSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM. 8.

*For reversal*—THE CHANCELLOR, VAN SYCKEL, GARRISON, HENDRICKSON. 4.