BENJAMIN R. FOX COMPANY, RESPONDENT, v. CITY OF
ATLANTIC CITY, APPELLANT.

Argued December 3, 1923—Decided March 3, 1924.

The question of the existence and extent of a dedication is in almost
all cases one of intent, and must be proved or disproved by the
acts of the landowner and the circumstances under which the user
has been permitted, and so resolves itself into a mixed question
of law and fact to be determined by the jury, under the direction
of the court.

On appeal from the Supreme Court.

For the respondent, *Theodore W. Schimpf* and *George W. Bourgeois.*

For the appellant, *W. Frank Sorg* and *Joseph B. Perskie.*

The opinion of the court was delivered by

MINTURN, J.  Benjamin R. Fox held title to a tract of
land consisting of fifty feet on Grammercy place, and ex-
tending four hundred and seventy-five feet to Madison ave-
nue in Atlantic City, and the city was in possession thereof
under an agreement of dedication by Fox.  The latter had
erected apartment houses on Main avenue, between At-
lantic avenue and Grammercy place, and was engaged in
erecting other houses between Grammercy place and Madison
avenue.  It was to his interest to have an alley, which ex-
tended in the rear of the apartment houses, widened, and the
city, through its representatives, arranged with Fox to enlarge
the alley to a width of one hundred feet.  The conferences
between Fox and the city representatives resulted in a verbal
agreement to the effect that St. Catharine's place would be
widened, provided Fox would dedicate to the city the fifty-
foot strip of land on Main avenue first mentioned, in consid-
eration of which the city would pave St. Catharine's place
and Main avenue, from Atlantic avenue to Madison avenue,
with a gravel surface to its full width.  Fox gave a deed to

the city for nineteen feet along St. Catharine's place, and also conveyed to the city, through the company plaintiff, the lands lying to the east of the westerly line of Main avenue aforesaid. As Fox's apartment houses were nearing completion, and the city had neglected to pave Main avenue, a conference between him and the city's representative took place, which resulted in an agreement to the effect that since the city was not in funds to execute the promised work of pavement, that Fox would perform it at his own expense, and the city would later reimburse him. Main avenue was then paved by Fox at his own expense, and although he frequently sought reimbursement, he never obtained it. Fox then attempted to vindicate his title to the fifty feet thus conveyed to the city by fencing off the *locus in quo,* and the city's representative tore down the fence, and Fox then instituted this suit in ejectment. The question at issue obviously was whether there had been, by this series of acts upon the part of Fox, a dedication to the city of the *locus in quo;* and the jury found for the plaintiff, from which the city appeals.

The city's contention, and it is the substantial question in the case, is that the trial court erred in refusing to direct a verdict for the city. Other questions involving trial procedure and rulings upon evidence are urged for reversal, but we observe no error in that regard prejudicial to defendant. The question as to the existence and extent of a dedication almost invariably turns upon the theory of the intent involved in the act of dedication, and as such resolves itself into a question of mixed law and fact for the jury to determine, excepting only in such instances as are presented in the cases of *Clarke* v. *Elizabeth,* 37 *N. J. L.* 120, and *Camden* v. *McAndrews et al.,* 85 *Id.* 260, wherein it was held that the intent to dedicate was conclusively established. The case at bar is not comprehended in the latter class of cases, but is within the general rule declared in *Wood* v. *Hurd,* 34 *Id.* 87. Subject to a condition of this character, a dedication is valid and will be enforced. *Perth Amboy Trust Co.* v. *Perth Amboy,* 75 *Id.* 290; 16 *C. J.* 69, and cases cited.

The result is the judgment under review will be affirmed.

*For affirmance*—THE.CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH,
CAMPBELL, GARDNER, VAN BUSKIRK, CLARK, JJ.    12.

*For reversal*—None.