ATLANTIC CITY, PLAINTIFF IN ERROR, v. CATHERINE GROFF, DEFENDANT IN ERROR.

Argued November 10, 1899—Decided February 26, 1900.

1. Dedication by an owner of land to public use as a street whenever the municipal authorities should choose so to use it, cannot be retracted, but is irrevocable, and proof of formal acceptance of the *locus in quo* as a public street or public user is not necessary.
2. An action may be maintained by the municipal authorities to obtain possession of land dedicated to public use.

On error to Atlantic Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *Godfrey & Godfrey.*

For the defendant in error, *Robert E. Stephany.*

PER CURIAM.

The judgment in favor of defendant in error brought here by this writ of error was founded upon the finding of the Circuit Court judge, sitting without a jury, and trying the issue joined in an action of ejectment. Plaintiff in error was plaintiff below and sought to obtain by an action of ejectment the possession of land which it claimed had been dedicated to public use as a public street.

Reversible error is, in our judgment, pointed out by the second assignment of error. By the bill of exceptions upon which this assignment was based it appears that the trial judge conceived that plaintiff's success in the action required proof that the city had formally accepted the dedication of the *locus in quo* as a public street, or that there had been such unequivocal public user thereof as indicated such acceptance.

There was uncontroverted evidence that the owner of the *locus in quo* had devoted or dedicated it to public use as a street whenever the municipal authorities should choose to so use it. Such a dedication cannot be retracted, but is irrevocable.

Acceptance by some formal act, or by long continued public nser, may be necessary to cast upon the municipal authorities the duty of repairing and maintaining the street in proper condition for public travel. This was what was intended by the expressions used in the language of the Supreme Court in *New York and Long Branch Railroad Co. v. South Amboy*, 28 *Vroom* 252, where the sole question was as to the right of the municipality to pass an ordinance directing the removal of alleged obstructions upon land claimed to have been dedicated to public use as a street.

An action by municipal authorities to obtain possession of land dedicated to such public uses has been repeatedly approved by our courts, and it is impossible to conceive how acceptance of such dedication could be more plainly disclosed than by such an action. *Church* v. *Hoboken*, 4 *Vroom* 13; *Hoboken Land and Improvement Co.* v. *Hoboken*, 7 *Id.* 540; *Clark* v. *Elizabeth*, 11 *Id.* 172; *Price* v. *Plainfield*, *Id.* 608; *Mayor, &c., of Bayonne* v. *Ford*, 14 *Id.* 292; *Weger* v. *Delran*, 32 *Id.* 224.