182 N.J. Super. 357 (1981)
440 A.2d 1361
HOME BUILDERS LEAGUE OF SOUTH JERSEY, INCORPORATED, A NEW JERSEY NON-PROFIT CORPORATION, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF EVESHAM, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND CHARLES BALCZUN, TOWNSHIP MANAGER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 22, 1981.
Decided December 30, 1981.
*358 Before Judges BISCHOFF, KING and POLOW.
Robert M. Washburn argued the cause for appellant, (Robert M. Washburn, attorney; John H. Reisner, III on the brief).
William S. Ruggierio argued the cause for respondent.
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
Plaintiff Home Builders League of South Jersey, Inc., filed a complaint in lieu of prerogative writs seeking a judgment declaring that release or partial release of a performance bond by a municipality for any improvement to a right of way constructed by a builder constitutes full and complete acceptance of dedication by the Township of the improvements upon which the performance bond is released." Defendants Township of Evesham and Charles Balczun moved for summary judgment. The motion was granted and an order was entered dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff appeals.
Plaintiff is a nonprofit corporation, some of whose members are engaged in land development and housing construction in Evesham Township. The complaint does not refer to any specific factual situation but rather addresses a condition alleged to exist when a subdivision or section of it is substantially completed. The following description which appears in the complaint and in plaintiff's supporting affidavits is not disputed.
As part of the process of constructing and selling homes, members of plaintiff corporation must apply for and receive subdivision and site plan approvals from defendant's planning board. Such approvals are frequently conditioned upon construction *359 and dedication to the township of certain on-site and off-site improvements, including streets and related curbing and drainage. The rights of way for the streets are dedicated to the township at the time the plat, as approved by the township planning board, is filed. The improvements must be constructed in conformity with the township's specification, and the builder is required to post a performance bond to insure completion as required by statute. N.J.S.A. 40:55D-53.[1] The township engineer periodically inspects improvements to the right of way to insure compliance with applicable standards. Upon notification of completion the township engineer files a report recommending approval, partial approval or rejection of the improvements. N.J.S.A. 40:55D-53 d. Upon approval by the governing body of the township, the performance bond is released as a matter of law and a two-year maintenance bond is then posted. N.J.S.A. 40:55D-53 a(2). Plaintiff contends that release of the performance bond constitutes final acceptance of the improvements to a particular right of way and final acceptance of the dedication of the right of way. Plaintiff argues that the township wrongly refuses to accept the street so dedicated; that it is the practice of defendant township to wait at least one year before accepting dedication of the street and in some instances has said it will not accept dedication until after the maintenance bond is released. The result of the failure or refusal of the township to accept dedication is to require a developer, where the improvements are completed and the homes occupied by tax-paying owners, to provide at his own expense, all street-related services, including trash collection, street lighting and snow plowing. Furthermore, the developer must continue to pay taxes on the dedicated, approved and improved streets. Plaintiff argues that the cost of these services is included in the municipal budget and the municipal taxpayers are taxed for services the municipality *360 compels the developer to provide, at his own cost. And, conversely, the developer receives no services for the taxes he pays on the dedicated and accepted improvements.
Defendants do not dispute these facts. They simply claim that release of the performance bond is not and should not be considered acceptance of dedicated streets and the improvements to them.
It is clear that at some point a developer is entitled to have his development approved and his streets accepted as public streets if he has complied with all applicable procedures and standards.
... a landowner-developer knows that, upon compliance with the precise statutory and implementing ordinance requirements, he cannot be arbitrarily refused development approval and the right to subdivide; improve and sell his land. Further, because by definition, the streets shown upon an approved plat meet municipal requirements, they must be accepted as public streets when the improvements are completed, with future maintenance a municipal obligation, to the benefit of both house purchasers and the developer. [Kligman v. Lautman, 53 N.J. 517, 536 (1969); citations omitted]
Plaintiff would have us declare a "bright line" rule that acceptance is incident to the release of the performance bond. We decline to do so. Acceptance of dedication can be accomplished in two ways. The first, which is not implicated here, is by the adoption of an ordinance. The second is by the exercise of such dominion or control over the dedicated property as to evidence an acceptance on the part of the municipality. The cases that have considered this issue have consistently required the performance of some affirmative act on the part of the municipality indicating an intention to accept the dedicated land as a public highway. Such affirmative action has been found to occur when the township has paved the property and regulated parking on the street, Koch v. Seaside Heights, 40 N.J. Super. 86 (App.Div. 1956), aff'd o.b. 22 N.J. 218 (1956); in a grant of a franchise to American Telephone and Telegraph Company to lay cable in the street bed, Spiegle v. Beach Haven, 116 N.J. Super. 148 (App.Div. 1971); ordering the developer to remove a fence erected across the street, Schmidt v. Spaeth, 86 N.J.L. 179 (E.& A. 1914), and the bringing of an action of ejectment to obtain possession of land dedicated to public use, Atlantic City v. Groff, *361 64 N.J.L. 527 (Sup.Ct. 1900), aff'd 68 N.J.L. 670 (E.& A. 1903); cf. Velasco v. Goldman Builders, Inc., 93 N.J. Super. 123 (App.Div. 1966).
We are of the view that the determination of when acceptance occurs cannot be reduced to a single factual incident. It occurs when affirmative action by a municipality clearly evidences an intention to exercise dominion and control over the dedicated land. There may be good and sufficient reasons for a township's refusal to accept all or part of a dedicated street and the improvements thereto upon the release of a performance bond. If a particular developer feels he is aggrieved by the failure of a township to act, he has an available remedy in the courts. We think the determination of acceptance should continue, as in the past, to be determined on a case-by-case basis. This case does not present a justiciable controversy and the summary judgment is
Affirmed.
NOTES
[1] This statute has recently been construed by this court in another context. Barnegat Tp. v. DCA of New Jersey, Inc., 181 N.J. Super. 394 (App.Div. 1981) Slip opinion Oct. 26, 1981.