NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1435-15T2

LESLIE P. BAHLER,

 Plaintiff-Respondent,

v.

CHINH LY,

 Defendant-Appellant.
__________________________________

 Submitted February 13, 2017 – Decided March 2, 2017

 Before Judges Sabatino and Nugent.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Union
 County, Docket No. SC-1283-15.

 Chinh Ly, appellant pro se.

 Leslie P. Bahler, respondent pro se.

PER CURIAM

 Defendant Chinh Ly appeals from the Special Civil Part's

decision following a November 17, 2015 trial. The court determined

that he owes $859 in a homestead property tax credit, plus $42 in

court costs, to plaintiff Leslie P. Bahler. We affirm.
 The record reflects that Ly purchased a home from Bahler in

Berkeley Heights. The closing of that sale took place in January

2015. Prior to the closing, Bahler, a senior citizen, had filed

a homestead rebate application for calendar year 2012 with the

Division of Taxation. The lawyers for the buyer and seller at the

real estate closing did not specify an allocation of the

anticipated homestead rebate credit, and the matter thus was left

unaddressed. Later in 2015, Ly1 received the homestead tax rebate

approved by the Division of Taxation as a credit on his property

tax bill because he was at that point a current owner.

 Bahler requested Ly to pay him the amount of the approved

rebate. Ly refused, asserting that the sum should have been

allocated to Bahler by his attorney at closing if he wanted the

rebate. Since the lawyer did not do so, Ly claims he is entitled

to the credit as a current property owner. Bahler disagreed, and

sued Ly in the Small Claims Section of the Special Civil Part to

recover the amount.2

1
 The property tax bill reproduced in the appendix lists a co-
owner with Ly. That individual is not a party to this litigation.
Ly did not argue in the trial court that plaintiff Bahler failed
to name an indispensable party, see Rule 4:28-1, and the co-owner
did not move to intervene.
2
 The Division of Taxation declined to get involved in the dispute,
noting in response to emails from Ly that it was a matter for the
previous and current property owner to "work out."

 2 A-1435-15T2
 After hearing the testimony of the two parties, Judge John

M. Deitch agreed with Bahler that Ly must pay him the rebate

amount. The judge found that allowing Ly to keep it would be a

windfall and a form of unjust enrichment. We agree.

 The homestead rebate statute, N.J.S.A. 54:4-8.59, makes clear

that eligibility for a homestead rebate does not hinge solely upon

an applicant's status as an owner of residential property in this

State. Rather, eligibility depends on several characteristics of

the applicant, including whether he or she is a senior citizen

sixty-five years of age or older, or is allowed to claim a personal

tax deduction as a blind or disabled taxpayer. See N.J.S.A. 54:4-

8.59(b)(1). In addition, the calculated amount of the rebate

depends upon on the level of the claimant's gross income. See

N.J.S.A. 54:4-8.59(a)-(b). Other personal characteristics of the

claimant also can affect entitlement to and the amount of the

rebate. See N.J.S.A. 54:4-8.59(c)-(e), see also N.J.A.C. 18:29-

2.1 (noting that homestead rebate eligibility depends upon the

"age and income" requirements expressed in the taxation statutes).

The amount the applicant actually paid in taxes also impacts the

amount of the rebate. N.J.S.A. 54:4-8.59(a).

 Ly does not claim that he is a senior citizen or otherwise

has the personal characteristics of an individual eligible for a

homestead rebate under N.J.S.A. 54:4-8.59. He further does not

 3 A-1435-15T2
claim he paid the property taxes in 2012. Instead, his argument

to retain the rebate amount is based upon the mere fact that he

was a record owner of the property at the time the rebate,

previously applied for by Bahler, was approved administratively

by the Division of Taxation.

 It definitely would have been preferable for the attorneys

at the real estate closing to have negotiated or specified who was

to retain the anticipated rebate. Even so, their failure to do

so does not preclude the trial court from equitably determining

which party has a greater entitlement to the amount, in the absence

of such agreement.

 We concur with the trial judge that principles of unjust

enrichment favor Bahler's claim to the rebate that he had applied

for originally when he owned the house, having filed an application

based upon his personal characteristics. Unjust enrichment is an

appropriate remedy, particularly in matters involving real estate,

where there is "no express contract providing for remuneration."

Caputo v. Nice-Pak Prods., Inc., 300 N.J. Super. 498, 507 (App.

Div.), certif. denied, 151 N.J. 463 (1997); see also Heim v. Shore,

56 N.J. Super. 62, 74-75 (App. Div. 1959) (applying principles of

unjust enrichment in a real estate context).

 In addition, we endorse the trial court's application of

sound equitable principles in this case by affording relief to

 4 A-1435-15T2
Bahler. Equitable recovery has been allowed "'in a variety of

situations upon varied theories [including] the equitable maxim

that he who seeks equity must do equity[.]'" Twp. of Middletown

v. Simon, 193 N.J. 228, 244 (2008) (quoting Twp. of Brick v.

Vannell, 55 N.J. Super. 583, 594 (App. Div. 1959)).

 Affirmed.

 5 A-1435-15T2